UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| TOMMIE RICE AND PHYLLIS RICE ON BEHALF OF THE MINORS, CIR AND GMR | * | CIVIL ACTION NO. 13-0362 |
| VERSUS | * | JUDGE ROBERT G. JAMES |
| CORNERSTONE HOSPITAL OF WEST MONROE | * | MAG. JUDGE KAREN L. HAYES |

REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a hybrid, converted[1] motion to dismiss for failure to state a claim upon which relief can be granted, Fed.R.Civ.P. 12(b)(6) [doc. # 8], and motion to dismiss for failure to join a Rule 19 party, Fed.R.Civ.P. 12(b)(7) [doc. # 8], filed by defendant, Cornerstone Hospital of West Monroe, L.L.C. (improperly sued as "Cornerstone Hospital of West Monroe"). The motion(s) is opposed. As explained in greater detail, it is recommended that the converted 12(b)(6) motion be GRANTED, and that the 12(b)(7) motion be DENIED.

**Procedural and Factual Background**

On May 6, 2012, Joshua Rice passed away at the Nebraska Medical Center as a result of respiratory failure, pneumonia, systemic sepsis, and bacterial endocarditis. (Petition, ¶ 14). On January 28, 2013, Joshua Rice's surviving parents, Tommie Rice and Phyllis Rice, filed the instant wrongful death and survival action on behalf of their decedent's two minor children, CIR and GMR, against Cornerstone Hospital of West Monroe, L.L.C. ("Cornerstone") in the 4th Judicial District Court for the Parish of Ouachita, State of Louisiana. *See* Petition. Plaintiffs

---

[1] *See* April 23, 2013 Order [doc. # 15].

contend that Joshua Rice's untimely death was caused by Cornerstone's negligence. *Id.*, ¶ 22. Specifically, plaintiffs allege that Joshua Rice was unable to undergo a small bowel transplant because of bilateral hip fractures that he suffered during a botched cart to bed sheet transfer at Cornerstone some time in late December 2011 or early January 2012. *Id.*, ¶¶ 8-14.

On February 20, 2013, Cornerstone removed this matter to federal court on the basis of diversity jurisdiction, 28 U.S.C. § 1332.[2] On March 18, 2013, Cornerstone filed the instant motion to dismiss for lack of subject matter jurisdiction and for failure to join a necessary party. Fed.R.Civ.P. 12(b)(1) & (7). Cornerstone argued in its motion that the court lacks subject matter jurisdiction because Tommie Rice and Phyllis Rice – CIR and GMR's grandparents – do not have standing to prosecute this matter on behalf of the two minors. Cornerstone maintains instead that CIR and GMR's mother, Candice Allred Rousso, f/k/a Candice Allred Rice, is the party necessary for adjudication of this matter. Thus, Cornerstone urges the court to join Ms. Rousso in this proceeding, or alternatively, dismiss the case.

On April 3, 2013, plaintiffs filed their memorandum in opposition to the motion to dismiss, to which they appended copies of court records dated March 22, 2013, from the Fourth Judicial District Court. *See* Response, Exhs. B1-6 [doc. # 11]. The state court orders purport to appoint Tommie Rice as tutor *ad hoc* and Phyllis Rice as under-tutrix *ad hoc* for CIR and GMR. *Id*. The state court also issued an "Order Approving and Homologating Detailed Descriptive List, Judgment Approving and Authorizing Compromise Settlement" (hereinafter, "Order of Homologation"), that authorized, empowered, and directed Tommie Rice, "the duly appointed Tutor" of CIR and GMR, to file and settle a medical malpractice suit against Cornerstone for the

---

[2] In response to court order, Cornerstone amended its notice of removal on April 29, 2013, to properly allege diversity jurisdiction. (April 23, 2012, Order [doc. # 15]; Amend. Notice of Removal [doc. # 16]).

wrongful death of the minors' father, Joshua Rice. *Id*. However, because the state court records did not include a copy of an order that actually appointed Tommie Rice tutor *ad hoc*, this court afforded plaintiffs until May 6, 2013, to supplement their response to the motion to dismiss with a copy of the missing order. *See* April 23, 2013, Order [doc. # 15]. After further encouragement by the court,[3] Plaintiffs eventually adduced a copy of an order dated May 22, 2013, that appointed Tommie Rice tutor *ad hoc* for CIR and GMR. (Pl. Response; Exh. A [doc. # 20]). The matter is now before the court.

## Law and Analysis

### I. Subject Matter Jurisdiction

As courts of limited jurisdiction, the federal courts may exercise only that authority bestowed upon them by the Constitution and the Congress. *Save the Bay, Inc. v. U.S. Army*, 639 F.2d 1100, 1102 (5th Cir. 1981). In the case *sub judice*, it is manifest that the court enjoys the statutory wherewithal to hear this diversity matter.[4] Nonetheless, Cornerstone maintains that this court lacks constitutional authority to hear the dispute because Tommie Rice and Phyllis Rice do not have standing to prosecute this matter on behalf of their minor grandchildren.[5] Paradoxically, however, as the party invoking federal jurisdiction, Cornerstone bears the burden of establishing standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561, 112 S. Ct. 2130, 2136 (1992). Moreover, if a federal court lacks Article III standing in a case removed from state court, the

---

[3] *See* May 15, 2013, show cause order [doc. # 19].

[4] 28 U.S.C. § 1332; Petition for Damages, Notice of Removal, Exh. A [doc. # 1]; Notice of Removal [doc. # 1]; Amend. Notice of Removal [doc. # 16]; and April 23, 2013, Order [doc. # 15].

[5] Standing is an essential component of Article III's case or controversy requirement, and thus, of federal subject matter jurisdiction. *Sample v. Morrison*, 406 F.3d 310, 312 (5th Cir. 2005) (citations omitted).

3

remedy is remand, not dismissal. *McAfee, Inc. v. Wilmer, Cutler, Pickering, Hale & Dorr, L.L.P.*, 2008 WL 3852704 (E.D. Tex. Aug. 14, 2008) (citations omitted).

These considerations support this court's earlier impression that the "standing" issue raised by Cornerstone is characterized more accurately as a challenge to Tommie Rice and Phyllis Rice's capacity to sue on behalf of the minors. *See* April 23, 2013, Order [doc. # 15]. Indeed, no one questions that CIR and GMR are the surviving children of the decedent, and thus, that the instant cause of action belongs to them. La. Civ. Code Arts. La. Civ. Code Arts. 2315.1 & 2315.2. Therefore, they enjoy standing. *See Warth v. Seldin*, 422 U.S. 490, 499, 95 S. Ct. 2197, 2205, 45 L. Ed. 2d 343 (1975) (Art. III judicial power exists to redress injury to the complaining party); *Lewis v. Ascension Parish Sch. Bd.*, 662 F.3d 343, 347 (5th Cir. 2011) (minor had standing as he was the party affected; the issue was that he did not have the capacity to sue).[6]

If CIR and GMR had reached the age of majority, they could have commenced this matter in their own names, on their own behalf. However, because they are unemancipated minors, the laws of both the forum state and the state where they are domiciled do not grant them the procedural capacity to sue. *See* La. Code Civ. Pro. Art. 683A; Ark. R. Civ. P. 17(b). Accordingly, the issue, properly framed, is whether Tommie Rice and Phyllis Rice are the proper parties to prosecute this matter on the minors' behalf.

---

[6] In *Lewis*, the Fifth Circuit remarked that "[u]nlike standing, the lack of which cannot be waived or cured, capacity to sue can be cured." *Id*. (citing *inter alia*, 6A Wright, Miller & Kane, FEDERAL PRACTICE AND PROCEDURE (2010) § 1570, at 676 for the proposition that defects in the appointment of a guardian are not jurisdictional). Furthermore, the necessity that suit be brought on behalf of a minor by his or her duly appointed tutor is not jurisdictional in the federal sense. *Travelers Indem. Co. v. Bengtson*, 231 F.2d 263, 264-66 (5th Cir. 1956); *but see Duncan v. Love*, 120 F.3d 266 (5th Cir. 1997) (unpubl.) (because father lacked standing to appeal on behalf of minor child, the Fifth Circuit had no jurisdiction to hear appeal).

Under the Federal Rules of Civil Procedure, a party need not plead his authority to sue in a representative capacity. Fed.R.Civ.P. 9(a)(1)(B). Moreover, to contest capacity to sue, a party must do so by specific denial. *See* Fed.R.Civ.P. 9(a)(2). Nonetheless, the Fifth Circuit implicitly has approved 12(b) motions arguing the lack of capacity to be sued. *Angers ex rel. Angers v. Lafayette Consol. Gov't*, Civ. A. No. 07-0949, 2007 WL 2908805 (W.D. La. Oct. 3, 2007) (citing *Darby v. Pasadena Police Dep't*, 939 F.2d 311 (5th Cir.1991)). In addition, the Second Circuit has held that the defense of lack of capacity is properly raised via a 12(b)(6) motion, and, if supported by matters outside the pleadings, treated as a motion for summary judgment under Rule 56. *See Klebanow v. New York Produce Exch.*, 344 F.2d 294, 296 n.1 (2d Cir. 1965) (citations omitted). The court will analyze defendant's motion accordingly. *See* April 23, 2013, Order, n.3.

**II.     Failure to State a Claim Upon Which Relief Can Be Granted**

    **a)     Standard of Review**

The Federal Rules of Civil Procedure sanction dismissal where the plaintiff fails "to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). A pleading states a claim for relief when, *inter alia*, it contains a "short and plain statement . . . showing that the pleader is entitled to relief . . ." Fed.R.Civ.P. 8(a)(2). To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007)). "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 155 (5th Cir. 2010). Further, a court is compelled to dismiss an otherwise well-pleaded claim if it is premised upon an invalid legal theory. *Neitzke v.*

*Williams*, 490 U.S. 319, 109 S.Ct. 1827 (1989). Moreover, a "motion to dismiss an action for failure to state a claim admits the facts alleged in the complaint, but challenges plaintiff's rights to relief based upon those facts." *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1137 (5th Cir. 1992) (citation and internal quotation marks omitted).

When considering a motion to dismiss, courts generally are limited to the complaint and its proper attachments. *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (citation omitted). However, courts may rely upon "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice" – including public and state court records. *Dorsey, supra*; *Norris v. Hearst Trust*, 500 F.3d 454, 461 n9 (5th Cir. 2007) (citation omitted) (proper to take judicial notice of matters of public record); *Patterson v. Mobil Oil Corp.*, 335 F.3d 476, 481 n.1 (5th Cir. 2003) (judicial notice of state court records).

**b)     Analysis**

Tommie and Phyllis Rice's capacity to sue is determined by Louisiana law. *See* Fed.R.Civ.P. 17(b)(3). Under Louisiana law, the tutor is the proper plaintiff to sue to enforce a right of an unemancipated minor, when, *inter alia*, one of the parents is dead or the parents are divorced. La. Code Civ. Proc. Art. 683(B). Here, CIR and GMR's parents were divorced on September 15, 2008, which earlier caused the court to award joint custody to the parents and to designate them co-tutors for the minors.[7] Thus, upon Joshua Rice's death, the inchoate right to the exclusive tutorship of CIR and GMR devolved upon Candice Rousso – the surviving parent. La. Civ. Code Art. 250; *In re Tutorship of Watts*, 681 So. 2d 74, 76 (La. App. 1st Cir. 1996) (citations omitted).

---

[7] *See* Judg. of Divorce; Def. Reply Memo., Exh. D; June 29, 2007, Judgment Adopting and Implementing Hearing Officer's Recommendations; Def. Reply Memo., Exhs. A & B.

6

Before assuming the duties as natural tutrix/tutor, however, the surviving parent is required to complete the requirements set forth in Louisiana Code of Civil Procedure Article 4061. *Watts, supra* (citation omitted). Nonetheless, a surviving parent need not comply with the formalities specified in Article 4061 before filing a delictual action for damages on behalf of her minor child. La. Code Civ. Pro. Art. 4061.1. Thus, at the time the instant suit commenced, Candice Rousso was the proper party to file suit on behalf of the two minors – not Tommie Rice and Phyllis Rice. *See* La. Code Civ. Pro. Arts. 4061.1 and 863(B).

In an effort to redress *ex post facto* their procedural incapacity, plaintiffs obtained state court orders that ostensibly appointed Tommie Rice tutor *ad hoc* and Phyllis Rice undertutrix *ad hoc* for the minors. *See* Pl. Suppl Opp. Memo., Exh. A; Pl. Opp. Memo., Exh. B2. Cornerstone contends that Plaintiffs cannot cure their lack of capacity after suit is filed. The court disagrees. Cornerstone's argument rests upon the now discredited premise that Plaintiffs' lack of capacity is jurisdictional. *See Lewis, supra; Bengtson supra*, (necessity for suit by the indicated tutor is not a jurisdictional requirement leaving the whole proceeding forever and finally void).

Cornerstone's sole remaining argument is that the order appointing Tommie Rice tutor *ad hoc* for the minors is an absolute nullity because, insofar as it was issued pursuant to Louisiana Code of Civil Procedure 4069, the appointment failed to comply with the article's requirement that it be issued upon good cause shown, and after contradictory hearing with the tutor or *the person entitled to the tutorship*. La. Code Civ. Pro. Art. 4069. Here, the state court records appointing Tommie Rice tutor do not evidence a contradictory hearing held with Candice Rousso. In fact, the records do not reveal that Rousso even received notice of the petition to appoint Tommie Rice tutor *ad hoc*.

The court notes that the 4th Judicial District Court for the Parish of Ouachita was the

proper forum to file the petition for appointment of tutor because the minors reside out of state, but their movable property – the instant cause of action – is situated here. La. Code of Civ. Pr. 4032; *Lemoine v. Roberson*, 366 So. 2d 1009, 1012 (La. App. 1st Cir. 1978). Furthermore, Louisiana has a venerable line of cases which hold that the appointment of a tutor cannot be attacked collaterally – even if the tutor was appointed by a court of improper venue, *i.e.* that lacked jurisdiction. *See e.g., Wright v. Calhoun*, 151 La. 998, 1004, 92 So. 589, 592 (1922); *Hoover v. Sellers*, 5 La. Ann. 180, 182-83 (La. 1850); *Succession of Gorrisson*, 15 La. Ann. 27 (La. 1860); *Pryor v. Desha*, 204 La. 575, 584, 15 So. 2d 891, 894 (La. 1943); *Gandy v. Caldwell*, 169 La. 870, 873, 126 So. 221, 222 (1930).

More recently, however, at least one intermediate Louisiana court has held that an order authorizing a father (co-tutor) to exercise litigious rights on behalf of his minor children was an absolute nullity when he failed to serve notice of the tutorship proceedings on the mother who also was co-tutor. *In re Tutorship of Cardenas*, 38 So. 3d 1284 (La. App. 1st Cir. 2010) (citing La. Code Civ. Pro. Arts. 2001-2). In addition, absolutely null judgments may be attacked collaterally, at any time, by any party with an interest. *In re Succession of Vickers*, 891 So. 2d 98, 105 (La. App. 4th Cir. 2004); *Rivet v. Regions Bank*, 838 So. 2d 1290, 1293 (2003); *Leonard v. Reeves*, 82 So. 3d 1250, 1260 (La. App. 1st Cir. 2012).

Thus, in the absence of anything on the face of the state court pleadings to suggest that Candice Rousso received notice of the tutorship proceeding, this court is constrained to find that the resulting order of appointment is an absolute nullity. La. Code Civ. Pro. Art. 2002. To the extent that Louisiana still prohibits collateral attack of tutorship proceedings, the undersigned nevertheless remains reluctant to give effect to the state court appointment because Candice Rousso could undermine the efficacy of these proceedings at any time by filing a direct challenge

to the *ad hoc* appointment in state court.

Insofar as the lack of notice to Rousso also did not invalidate the appointment of Phyllis Rice as undertutrix, the court notes that, in any event, an undertutor/undertutrix is not a proper party to enforce the right of an unemancipated minor. *See Green v. City of Shreveport*, 888 So. 2d 314, 317 (La. App. 2d Cir. 2004).

In sum, the court finds that Tommie Rice and Phyllis Rice lack capacity to prosecute this action on behalf of the minors; thus, they fail to state a claim for relief against Cornerstone.

### III. Dismissal for Failure to Join a Party Under Rule 19

#### a) Law

Resolution of a motion to dismiss for failure to join a party is a two-step inquiry:

> [f]irst a court must determine whether a party should be added under the requirements of Federal Rule of Civil Procedure 19(a); then the court must determine whether litigation can be properly pursued without the absent party under Federal Rule of Federal Procedure 19(b). If the absent party should be joined under rule 19(a), but the suit cannot proceed without that party under the requirements of rule 19(b), the case must be dismissed.

*August v. Boyd Gaming Corp.*, 135 Fed. Appx. 731 (5th Cir. June 22, 2005) (unpubl.) (citations omitted).

The party advocating joinder bears the initial burden to demonstrate that a missing party is necessary. *Hood ex rel. Mississippi v. City of Memphis, Tenn.*, 570 F.3d 625, 628 (5th Cir. 2009) (citation omitted). Once the movant presents facts to indicate that a "possibly necessary party is absent, the burden of disputing this initial appraisal falls on the party who opposes joinder." *Id*.

#### b) Analysis

Cornerstone contends that CIR and GMR's mother, Candice Rousso, is a required party under Rule 19(a) because she is the proper party to bring this action on behalf of the minors. The court agrees that Ms. Rousso should join in this matter if feasible. *See* Fed.R.Civ.P. 19(a) and

9

17(a)(3). If she refuses to join, however, the court is not persuaded that dismissal of the minors' claims is the proper remedy. Rather, if Ms. Rousso refuses to join, then the court will be left with two unrepresented minors.

Rule 17(c) authorizes a federal court to appoint a next friend if the infant's legal representative is unable or *refuses* to act. *Susan R.M. by Charles L.M. v. Ne. Indep. Sch. Dist.*, 818 F.2d 455, 458 (5th Cir. 1987) (citations omitted); *Ad Hoc Comm. of Concerned Teachers on Behalf of Minor & Under-Age Students Attending Greenburgh Eleven Union Free Sch. Dist. v. Greenburgh No. 11 Union Free Sch. Dist.*, 873 F.2d 25, 30-31 (2d Cir. 1989) (if an infant's representative is unable, unwilling or refuses to act, then the court may appoint a "next friend" to ensure that the infant's rights are protected in a court of law). Indeed, "Louisiana courts have long been reluctant to accept the extinction of minors' substantive and procedural claims by default or waiver . . . The minor in such a case is the special ward of the court, and his rights will not be permitted to be prejudiced by the failure of his appointed representative to alertly guard his interests." *Johnson v. Ford Motor Co.*, 707 F.2d 189, 193-95 (5th Cir. 1983) (citations omitted).

Accordingly, in the event that Ms. Rousso declines to join and advance this matter on behalf of the minor children, then the court intends to appoint Tommie Rice as next friend to prosecute this matter on the minors' behalf. Fed.R.Civ.P. 17(c). Furthermore, all interested parties, including Ms. Rousso, will have an opportunity to address the propriety of this appointment. This procedure should ensure that both the interests of the minors and Defendant Cornerstone are protected. *See* Fed.R.Civ.P. 19(b).

## Conclusion

For the foregoing reasons,

**IT IS RECOMMENDED** that Defendant Cornerstone's converted motion to dismiss for failure to state a claim upon which relief can be granted, Fed.R.Civ.P. 12(b)(6) [doc. # 8], be GRANTED, and that Tommie Rice and Phyllis Rice be DISMISSED from the case.

**IT IS FURTHER RECOMMENDED** that Cornerstone's motion to dismiss for failure to join a party under Rule 19 [doc. 8] be DENIED.

**IT IS FURTHER RECOMMENDED** that Candice Rousso be ordered to appear and join in this matter as representative plaintiff (via existing counsel or counsel of her own choosing), on behalf of the minors, CIR and GMR, within 21 days from the date of the order. If, within the same period, Candice Rousso declines to join in this matter, then she may show cause, in writing, why the court should not appoint Tommie Rice, or some other qualified person, as next friend to prosecute this matter on behalf of the minors.

**IT IS FURTHER RECOMMENDED** that the Court direct the Clerk of Court to serve, via certified mail, a copy of the petition, the instant report and recommendation, and the resulting order upon Candice Rousso, at 575 Pine Snag Road, Heber Springs, AR 72543.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and F.R.C.P. Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED, in chambers, at Monroe, Louisiana, this 31st day of May 2013.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE