UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| TOMMIE RICE AND PHYLLIS RICE ON BEHALF OF THE MINORS, CIR AND GMR | CIVIL ACTION NO. 13-0362 |
| VERSUS | JUDGE ROBERT G. JAMES |
| CORNERSTONE HOSPITAL OF WEST MONROE | MAG. JUDGE KAREN L. HAYES |

# RULING

Pending before the Court is a Motion for Summary Judgment [Doc. No. 31] filed by Defendant Cornerstone Hospital of West Monroe ("Cornerstone").

## I.  FACTS

This case arises out of the medical treatment of Joshua Rice ("Decedent") prior to his death.  Decedent was involved in an accident, suffered serious injuries, and was treated at multiple medical facilities.  From on or about December 14, 2011, to on or about January 24, 2012, Decedent was a patient at Cornerstone.  He passed away on May 6, 2012, at the Nebraska Medical Center as a result of respiratory failure, pneumonia, systemic sepsis, and bacterial endocarditis.

Decedent was the father of minors, CIR and GMR ("Minors").  Both children are in the custody of their mother and natural tutor, Decedent's former wife, Candice Rousso ("Rousso").  Rousso did not bring the pending action.

Instead, on January 28, 2013, Decedent's parents, Tommie Rice and Phyllis Rice ("Rices") filed a Petition in the Fourth Judicial District Court for the Parish of Ouachita, State of Louisiana.  [Doc. No. 1].  They assert that Decedent's death was caused by Cornerstone's negligence.

On February 20, 2013, Cornerstone removed the case to this Court on the basis of diversity jurisdiction. [Doc. No. 1].

On March 18, 2013, Cornerstone filed a Motion to Dismiss [Doc. No. 8], contending that the Court lacked subject matter jurisdiction and that the matter should be dismissed for failure to join a necessary party. Specifically, Cornerstone argued that the Rices lack standing to prosecute this matter on behalf of the Minors. In an effort to redress *ex post facto* their procedural incapacity, the Rices produced orders from state court appointing them Tutor Ad Hoc and undertutrix.[1] The motion was referred to Magistrate Judge Karen L. Hayes. [Doc. No. 9].

On May 31, 2013, the Magistrate Judge issued a Report and Recommendation [Doc. No. 22], finding, first, that this is not a jurisdictional issue, but one of capacity. The Minors' standing to bring the suit is undisputed; however, they lack the capacity to do so. She further found that on the death of the father, the tutorship vested in the mother, Rousso. The order appointing Tommie Rice as tutor was an absolute nullity because a contradictory hearing was not held.[2] Conversely, the order appointing Phyllis Rice as undertutrix was not a nullity, but an undertutrix is not a proper party to enforce a minor's rights.

Accordingly, the Magistrate Judge recommended that the "converted motion to dismiss for failure to state a claim upon which relief can be granted, Fed.R.Civ.P. 12(b)(6) be GRANTED, and that the [Rices] be DISMISSED from the case," the "motion to dismiss for failure to join a necessary party under Rule 19 be DENIED," and Rousso be given notice and an opportunity to

---

[1] Tommie Rice was appointed Tutor Ad Hoc, and Phyllis Rice was appointed undertutrix. [Doc. No. 11].

[2] Although Louisiana prohibits collateral attacks on tutorship proceedings, the Magistrate Judge said that she was "reluctant to give effect to the state court appointment" because the mother, Rousso, "could undermine the efficacy of these proceedings at any time by filing a direct challenge." [Doc. No. 22, pp. 8-9].

2

appear or to oppose the appointment of a next friend to represent the Minors. [Doc. No. 22, pp. 11 (citation omitted)]. Furthermore, it was advised that "in the event that Ms. Rousso declines to join and advance this matter on behalf of the minor children, then the court intends to appoint Tommie Rice as next friend to prosecute this matter on the minors' behalf." [Doc. No. 22, pp. 10].

On June 6, 2013, Cornerstone filed an Objection [Doc. No. 23], agreeing with the Rices' dismissal, but contending that the lawsuit should be dismissed because the only plaintiffs have been dismissed. Cornerstone argued that the mother was aware of the facts. Thus, if she wanted to bring the lawsuit on behalf of her children, she could have. She should not be forced to appear before the Court. Nor, Cornerstone argued, should Tommie Rice be appointed as next friend.

On July 11, 2013, after considering the Report and Recommendation and the objections, the Court issued an Order [Doc. No. 24] adopting the Report and Recommendation. Cornerstone did not move to alter or amend the Court's order pursuant to Federal Rule of Civil Procedure 59(e).

On July 26, 2013, Rousso was given notice, but neither joined the action nor showed cause why a next friend should not be appointed. [Doc. No. 29].

On August 09, 2013, Cornerstone filed a Motion for Summary Judgment [Doc. No. 31] seeking judgment on two grounds: (1) no plaintiff is before the Court, and a next friend should not be appointed; and (2) if the Court appoints a next friend, any claims filed by them on behalf of the Minors would be untimely. On September 13, 2013, the Rices filed an Opposition to Motion for Summary Judgment and Memorandum in Support of Motion for Summary Judgment [Doc. No. 35], and Cornerstone filed a Reply Memorandum to Opposition to Motion for Summary Judgment [Doc. No 37] on September 18, 2013.

## II. LAW AND ANALYSIS

### A. Standard of Review

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c)(2). The moving party bears the initial burden of informing the court of the basis for its motion by identifying portions of the record which highlight the absence of genuine issues of material fact. *Topalian v. Ehrmann*, 954 F.2d 1125, 1132 (5th Cir. 1992). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

If the moving party can meet the initial burden, the burden then shifts to the nonmoving party to establish the existence of a genuine issue of material fact for trial. *Norman v. Apache Corp.*, 19 F.3d 1017, 1023 (5th Cir. 1994). The nonmoving party must show more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In evaluating the evidence tendered by the parties, the court must accept the evidence of the nonmovant as credible and draw all justifiable inferences in its favor. *Anderson*, 477 U.S. at 255.

### B. Cornerstone's Arguments

#### 1. No plaintiff is before the Court, and a next friend should not be appointed

Cornerstone argues that in light of the Rices' dismissal, Rousso's refusal to appear, and

the Minors' lack of capacity, no plaintiff is before the Court, and a next friend should not be appointed by the Court.

Magistrate Judge Hayes stated that if Rousso does not join the matter, then the Court "intends to appoint Tommie Rice as next friend." [Doc. No. 22, pp. 10]. This appointment ensures that the Minors' rights will not be extinguished by default or waiver. Although Cornerstone objected to the appointment of a next friend and insisted that the case lacked a plaintiff, this Court agreed with and adopted the Magistrate Judge's findings. [Doc. No. 23, 24]. Cornerstone did not file a Rule 59(e) motion to alter or amend; however, it now asks the Court to re-examine these issues. The time period for such a request has expired, and no additional arguments are put forth. *See Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Accordingly, the Court declines to revisit these issues.

## 2. The action has prescribed

As Cornerstone notes, "[t]he filing of suit in a court of competent jurisdiction and venue interrupts any kind of prescription as to the causes of action therein sued upon, provided the plaintiff is a proper party plaintiff and the defendant is a proper party defendant." LA. CIV. CODE ANN. art. 3462 cmt. (b). However, Cornerstone fails to acknowledge the remainder of comment (b), which states that "all kinds of prescription are interrupted by the service of process, as to the defendant served, even if the action is commenced in an incompetent court or in an improper venue." *Id.* In Louisiana, "where there are two permissible interpretations of a prescriptive statute, the courts must adopt the one that favors maintaining rather than barring the action." *Turner v. Willis Knighton Med. Ctr.*, 2012-0703 (La. 12/4/12), 108 So. 3d 60, 65; *see also Costello v. Am. Cas. Co. of Reading, Pa.*, (La. App. 4 Cir. 5/31/90) 562 So. 2d 1142, 1143

("Prescriptive statutes are to be strictly construed to permit an action, and if there are two permissive interpretations of a prescriptive statute, the court should adopt the one which would maintain, rather than bar, the action."); *Bank of New York Mellon v. Smith*, 2011-60 (La. App. 3 Cir. 6/29/11), 71 So. 3d 1034, 1050 (same); *McKenzie v. Imperial Fire & Cas. Ins. Co.*, 2012-1648 (La. App. 1 Cir. 7/30/13) ("Generally, prescription statutes are strictly construed against prescription and in favor of the claim sought to be extinguished by it."); *Baker v. Louisiana Citizens Prop. Ins. Corp.*, 12-480 (La. App. 5 Cir. 5/16/13), 119 So. 3d 69, 72 ("Statutes involving prescription are strictly construed against prescription and in favor of the obligation sought to be extinguished.").

In *Jackson v. Housing Authority of New Orleans*, 478 So. 2d 911 (La. Ct. App. 1985), a suit filed by the father of an illegitimate minor, who lacked the procedural capacity to sue, was held to have interrupted prescription on a later claim made by the minor's court-appointed tutrix because the original petition adequately notified the defendant.[3] The court relied on the principle that "if the defendant has been notified of the nature and the facts giving rise to the claim against him, prescription is interrupted in favor of the proper petitioner." *Id.* at 912 (citing *Davis v. Royal-Globe Ins. Companies*, 223 So. 2d 912, 920 (La. Ct. App. 1969) *rev'd on other grounds*, 257 La. 523, 242 So. 2d 839 (1970); *All State Ins. Co v. Theriot*, 376 So.2d 950 (La. 1979); *see also In re Succession of Tompkins*, 32,405 (La. App. 2 Cir. 12/8/99), 747 So. 2d 1251, 1254 ("When a defendant knows or should know, prior to the expiration of the prescriptive period, that legal demands are made upon him from the occurrence described in the petition filed, prescription

---

[3] The original petition was "filed in a court of competent jurisdiction and proper venue. The claim asserted by the child's tutrix arose out of the same factual situation as the claim asserted by her father." *Id*.

is interrupted."); *Nini v. Sanford Bros., Inc.*, 276 So.2d 262 (La. 1973) ("The essence of interruption of prescription by suit has been notice to the defendant of the legal proceedings based on the claim involved.").

In the instant case, the Rices filed suit against Cornerstone in a court of competent jurisdiction and proper venue. Cornerstone was notified of the nature of the claim against it and the facts supporting the claim. In this particular case, a next friend will be appointed to assert the same claims set forth in the original Petition. Cornerstone argues that the filing of a suit by a party who lacks procedural capacity cannot interrupt prescription. The Court disagrees. When read in its entirety, comment (b) states that prescription may be interrupted either by a proper party filing suit in a court of competent jurisdiction and venue, or by adequately notifying a defendant. *See* LA. CIV. CODE art. 3462 cmt. (b). Here, the latter applies. The Court finds that the filing of the Rices' original Petition interrupted prescription.

### III. CONCLUSION

For the foregoing reasons, Cornerstone's Motion for Summary Judgment [Doc. No. 31] is DENIED.

MONROE, LOUISIANA, this 11th day of October, 2013.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE