UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

TOMMIE RICE AND PHYLLIS RICE          CIVIL ACTION NO.  13-0362
ON BEHALF OF THE MINORS, CIR
AND GMR

VERSUS                                JUDGE ROBERT G. JAMES

CORNERSTONE HOSPITAL OF               MAG. JUDGE KAREN L. HAYES
WEST MONROE

RULING

Pending before this Court are two motions filed by Defendant Cornerstone Hospital of West Monroe ("Cornerstone"),  "Defendant Cornerstone Hospital's Motion to Alter the Court's Ruling and Order (Docs. Nos. 40 & 41) Denying Defendant's Motion for Summary Judgment" [Doc. No. 43] and  "Defendant Cornerstone Hospital's Motion to Alter the Court's Order (Doc. No. 42) Appointing Tommie Rice as Next Friend" [Doc. No. 44].  For the following reasons, Cornerstone's Motion to alter the Court's Ruling and Order [Doc. No. 43] is DENIED, and Cornerstone's Motion to alter the Court's Order [Doc. No. 44] is GRANTED.

I.      INTRODUCTION

The facts and procedural history of this case are detailed in the Court's October 15, 2013 Ruling [hereinafter "Ruling"] [Doc. No. 40].

On October 2, 2013, Plaintiffs Tommie Rice ("Mr. Rice") and Phyllis Rice on behalf of the Minors, CIR and GMR, filed a Motion to appoint Mr. Rice as next friend [Doc. No. 38], and Cornerstone filed an Opposition on October 4, 2013 [Doc. No. 39].

On October 15, 2013, the Court issued a Ruling [Doc. No. 40], denying Cornerstone's

Motion for Summary Judgment [Doc. No. 31].

On October 15, 2013, the Court granted Plaintiffs' Motion [Doc. No. 42], appointing Mr.

Rice as next friend to prosecute this matter on behalf of the Minors.

On October 25, 2013, Cornerstone filed a Motion to Alter the Court's denial of

Cornerstone's Motion for Summary Judgment [Doc. No. 43] and a Motion to Alter the Court

Order appointing Mr. Rice as next friend [Doc. No. 44].

Plaintiffs did not file an opposition.

## II.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 54(b) provides that an order "that adjudicates fewer than

all the claims... [among] all the parties... may be revised at any time before the entry of a [final]

judgment." FED. R. CIV. P. 54(b).  "Under Rule 54[(b)], a district court has the inherent

procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to

be sufficient." *Iturralde v. Shaw Grp., Inc.*, 512 Fed. App'x 430, 432 (5th Cir. 2013) (quoting

*Melancon v. Texaco, Inc.*, 659 F2.d 551, 553 (5th Cir. 1981) (citations omitted)); *see also Moses*

*H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 12 n. 14 (1983) (holding that

"virtually all interlocutory orders may be altered or amended before final judgment if sufficient

cause is shown").  Courts evaluate motions to reconsider interlocutory orders under a "less

exacting" standard than Federal Rule of Civil Procedure 59(e), but look to similar considerations

for guidance.  *See HBM Interests, LLC v. Chesapeake Louisiana, LP*, No. 12-1048, 2013 WL

3893989 (W.D. La. July 26, 2013) (quoting *Livingston Downs Racing Ass'n, Inc. v. Jefferson*

*Downs Corp.*, 259 F. Supp. 2d 471, 475 (M.D. La. 2002)); *Sw. Louisiana Hosp. Ass'n v. BASF*

*Const. Chemicals*, LLC, No. 2:10-CV-902, 2013 WL 1858610 (W.D. La. Apr. 29, 2013)

(quoting *Livingston Downs*, 259 F. Supp. 2d at 475). "Such considerations include whether the

movant is attempting to rehash its previously made arguments or is attempting to raise an

argument for the first time without justification." *Broussard v. Chevron, U.S.A.*, 2:11-CV-01446,

2013 WL 5798942, *2 (W.D. La. Oct. 25, 2013). The Court may grant this type of motion "to

correct manifest errors of law or fact upon which judgment is based" or " to prevent manifest

injustice," among other reasons. *See In re Self*, 172 F. Supp. 2d 813, 816 (W.D. La. 2001) (citing

*Motiva Enterprises LLC v. Wegmann*, No. 00-3096, 2001 WL 246414 (E.D. La. Mar. 12, 2001));

*but see Leong v. Cellco P'ship*, CIV.A. 12-0711, 2013 WL 4009320 (W.D. La. July 31, 2013)

(holding that when "faced with an interlocutory order, [the court] is free to reconsider its ruling

for any reason it deems sufficient, even in the absence of new evidence or an intervening change

in or clarification of the substantive law") (internal citations omitted).

## III.   ANALYSIS

A.   "Defendant Cornerstone Hospital's Motion to Alter the Court's Ruling and Order
(Docs. Nos. 40 & 41) Denying Defendant's Motion for Summary Judgment"

Cornerstone argues that the Court committed the following manifest errors of law in its

Ruling: (1) declining to address issues from Cornerstone's Motion for Summary Judgment [Doc.

No. 31] [hereinafter "Motion"]; (2) "bypassing Ms. Rousso and appointing Tommie Rice to

litigate on behalf of the minors" [Doc. No. 43-1, p. 7]; and (3) concluding that any claims filed

by a next friend are not prescribed.

1.   *The Court's refusal to address issues from Cornerstone's Motion and the
Court bypassing Ms. Rousso and appointing Mr. Rice as next friend*

Cornerstone argues that if the Court must consider the Motion to be a motion to alter,

3

then it should have considered it as a Rule 54(b) motion to alter an *interlocutory order* instead of a Rule 59(e) motion to alter *final judgment*.[1]  Rule 59(e) motions "call into question the correctness of a *[final] judgment*."  *Templet v. HydroChem Inc.*, 367 F.3d 473, 478  (5th Cir. 2004) (emphasis added).  Rule 54(b) motions allow a party to call into question the correctness of an *interlocutory order*.  FED. R. CIV. P. 54(b).  The Court's July 11, 2013 Order [Doc. No. 24] was an interlocutory order, not a final judgment.  Therefore, the Court erred in considering the Motion under Rule 59(e) instead of Rule 54(b).

However, this error did not affect the result of the Court's refusal to address the issues. Rule 54(b) motions to alter are not the place for a movant to rehash its previously made arguments.  *Broussard*, 2013 WL 5798942, at*2.  As discussed below, the Court would have declined to revisit the issues under Rule 54(b), as well, because no additional arguments were put forth, and the Court's holdings are correct.

Cornerstone concludes that it was a manifest error of law for the Court to appoint Mr. Rice in place of Ms. Rousso and "decline to revisit the issues raised in Cornerstone's [Motion]." [Doc. No. 43-1, p. 5-7].[2]  In the Motion, Cornerstone argues that the case should be dismissed

---

[1] Cornerstone also explains that it did not file the Motion [Doc. No. 31] before the Court imposed deadline because it believed that "Ms. Rousso [was] the only proper party Plaintiff to represent" the Minors. [Doc. No. 43-1, p. 5].  Cornerstone feared that an earlier filing would be premature and, accordingly, waited to see if Ms. Rousso would timely join the case. This explanation is irrelevant because, as discussed below, even if the motion was timely filed, it still attempts to rehash old arguments.

[2] Cornerstone argues that if considered as a Rule 54(b) motion, the Motion was timely filed, and the Court should have revisited the issues.  The Court declined to revisit the issues because "[t]he time period for such a request [had] expired, and no additional arguments [were] put forth." [Doc. No. 40, p. 5].  Even if the Motion was timely, no additional arguments were put forth.  Therefore, the Court did not commit a manifest error of law when it declined to revisit the issues.  *See Broussard v. Chevron, U.S.A.*, 2:11-CV-01446, 2013 WL 5798942, *2 (W.D. La.

because "no proper party Plaintiffs [are] before the court, and no basis [exists] upon which to usurp [Ms. Rousso's] parental authority to act on her children's behalf." [Doc. No. 31,p. 3]. When considering Rule 54(b) motions to alter, courts are not required to address movant's arguments that were already submitted and considered by the court.  *Broussard v. Chevron, U.S.A.*, 2:11-CV-01446, 2013 WL 5798942, *2 (W.D. La. Oct. 25, 2013) (holding that Rule 54(b) motions to alter are not the place for a movant to rehash its previously made arguments); *see also W. Birkenfeld Trust v. Bailey*, 837 F. Supp. 1083, 1086 (E.D. Wash. 1993) (refusing to grant a motion to alter on the basis of arguments already advanced and rejected).

Cornerstone argues that the Court has no basis upon which to usurp Ms. Rousso's parental authority and appoint a next friend, the Court lacks jurisdiction to appoint a next friend, and, by doing so, the Court is depriving Ms. Rousso of due process.  [Doc. No. 31, p. 3 & 43-1, p. 6-7].  The first argument is in Cornerstone's Objections to the Magistrate Judge's Report and Recommendation  [Doc. No. 23, p. 5 n.4] ("the minors' natural mother is the representative of the minors, and there is no basis for supplanting her"), and the Court's July 11, 2013 Order [Doc. No. 24] considers and denies it.

Regarding the Court's jurisdiction, the Magistrate Judge's Report and Recommendation [hereinafter "Report"] states that "Rule 17(c) authorizes a federal court to appoint a next friend if the infant's legal representative is unable or *refuses* to act." [Doc. No. 22, p. 10] (citing *Susan R.M. by Charles L.M. v. Ne. Indep. Sch. Dist.*, 818 F.2d 455, 458  (5th Cir. 1987)); *but compare T.W. by Enk v. Brophy*, 124 F.3d 893, 896 (7th Cir. 1997) (quoting § 1570 Suits by or Against Infants and Incompetent Persons—In General, 6A FED. PRAC. & PROC. CIV. § 1570 (3d ed.))

---

Oct. 25, 2013).

5

("As a general rule, a federal court cannot appoint a guardian *ad litem* in an action in which the infant or incompetent already is represented by someone who is considered appropriate under the law of the forum state."), *with Hoffert v. Gen. Motors Corp.*, 656 F.2d 161, 164 (5th Cir. 1981) (holding that "the court's power to appoint a guardian *ad litem* for a minor under Rule 17(c) is confined to those cases where the minor or incompetent is *'not otherwise represented' in the action*") (emphasis added).  Ms. Rousso neither appeared nor showed cause as to why a next friend should not be appointed in her place.  Ms. Rousso's refusal to appear left the Minors without representation; therefore, under Rule 17(c), the Court had the authority to appoint a next friend to prosecute the matter on the Minors' behalf.

Cornerstone argues that the Court is supplanting Ms. Rousso's "right to make decisions for her minor children" because she does not want to sue and that this "deprives [her] of fundamental due process and fails to take into consideration the actual interest of the minors." [Doc. No. 43-1, p.  7].  On July 13, 2013, the Clerk of Court served Ms. Rousso with a copy of the Petition, the Report, and an Order requiring her to appear before the Court to join this matter on behalf of the Minors, or show cause, in writing, why the Court should not appoint Mr. Rice, or some other qualified person, as next friend to prosecute this matter on behalf of the Minors. [Doc. No. 24, p. 2].  She neither joined the matter nor showed cause why the Court should not appoint a next friend.  Ms. Rousso's refusal to act implies that she does not object to the matter proceeding or to the appointment of "Tommie Rice as next friend to prosecute this matter on behalf of the minors." [Doc. No. 24, p. 2].  Furthermore, the Minors have a vested interest in this action.  Mr. Rice is their biological grandfather, and no party, including the Minors' mother, has shown cause why he would not protect their interests.

Additionally, Cornerstone asserts that the Court should have addressed its argument that no proper party plaintiff is before the Court.  [Doc. No. 31,p. 3].  The Report states that this cause of action undoubtably belongs to the Minors and that, although they lack the procedural capacity to bring the suit on their own behalf, "they enjoy standing."  [Doc. No. 22, p. 4].  The question of the party by whom the claim must be asserted does not go to the existence of the claim. *See Travelers Indem. Co. v. Bengtson*, 231 F.2d 263, 265 (5th Cir. 1956) (holding that the right of an action belongs to the minor, not to the tutor).  Additionally, the Magistrate Judge recommended that "[i]f [Ms. Rousso] refuses to join, however, the court is not persuaded that dismissal of the minors' claims is the proper remedy."  [Doc. No. 22, p. 10].  The Court's July 11, 2013 Order [Doc. No. 24] considers Cornerstone's Objection [Doc. No. 23].  There, Cornerstone argues that "the only plaintiffs before this Court and within its jurisdiction are the grandparents, that they do not have the authority to file this lawsuit, and that the suit should accordingly be dismissed." [Doc. No. 23, p. 4].  In Cornerstone's Motion, it argues that "this matter has no Plaintiff." [Doc. No. 31, p. 2].  This argument was previously addressed by the Court, and the Court stands by that analysis.  Therefore, the Court did not commit a manifest error of law when it declined to address this argument again.

2.     *The Court's conclusion that claims filed by a next friend would be timely*

Cornerstone argues that "[t]he appointment of Tommie Rice as next friend to prosecute this matter on behalf of the Minor children, CIR and GMR, is a manifest error of law, because any claims filed by Tommie Rice as 'next friend' would be untimely."  [Doc. No. 43-1, p. 8]. The Court's interpretation of Louisiana Civil Code article 3642 comment (b) is a legal conclusion.  Cornerstone was adequately notified of the nature of the claim against it and the

facts supporting the claim.  Therefore, the filing of the Plaintiffs' original Petition interrupted

prescription.  [Doc. No. 40, p. 7].  Cornerstone also asserts that this interpretation is a manifest

injustice.  The Court disagrees for the reasons previously stated.

      B.      "Defendant Cornerstone Hospital's Motion to Alter the Court's Order (Doc. No. 42) Appointing Tommie Rice as Next Friend"

Cornerstone prays that the Court alter its October 11, 2013 Order appointing Mr. Rice as

next friend because (1) not doing so would result in a manifest injustice, prejudicing

Cornerstone's ability to conduct discovery and defend itself, and (2) the Court committed a

manifest error of law because the Court should not have granted the Motion to Appoint filed by a

non-party.

      1.      *Cornerstone's ability to conduct discovery and defend its case*

Cornerstone argues that Ms. Rousso and the Minors are not subject to the jurisdiction of

the Court, and Cornerstone would clearly be prejudiced in conducting discovery and defending

its case. [Doc. No. 44-1, p. 6-7].  Federal Rule of Civil Procedure 45(b)(2) limits the ability of a

federal court to subpoena and compel the appearance of an individual.[3]  Ms. Rousso and the

Minors currently reside in Arkansas, which is outside the Court's district and over 100 miles

---

[3]

      (2) Service in the United States. Subject to Rule 45(c)(3)(A)(ii), a subpoena may be served at any place:

      (A) within the district of the issuing court;

      (B) outside that district but within 100 miles of the place specified for the deposition, hearing, trial, production, or inspection;

      ...

      FED. R. CIV. P. 45(b)(2)

from the Court.

Cornerstone is correct that the Court cannot compel Ms. Rousso or the Minors to appear. However, there is nothing to prevent Cornerstone from traveling to within 100 miles of Ms. Rousso's residence to depose her.  Furthermore, if she is unwilling to appear at trial, then she will be considered unavailable and her deposition may be entered as her testimony.  *See Susan R.M. by Charles L.M. v. Ne. Indep. Sch. Dist.*, 818 F.2d 455, 458 (5th Cir. 1987).  Therefore, Cornerstone will not be unfairly prejudiced in conducing discovery and defending its case.

                2.     *The granting of the motion of a non-party*

Cornerstone argues that the Court committed a manifest error of law when it granted "Plaintiff's Motion to Appoint Tommie Rice as Next Friend to Prosecute this Matter on Behalf of the Minor Children, CIR and GMR" because there is no plaintiff to file such a motion.  [Doc. No. 44-2, p. 7].  The Court committed a manifest error of law in granting the motion of a non-party.  The Order is vacated.

However, a federal court may *sua sponte* appoint a next friend or guardian *ad litem* on behalf of a minor or incompetent. FED. R. CIV. P. 17(c)(2), Prac. Guide Fed. Civ. Proc. Before Trial (5th Cir.) Ch. 7-B; *see also Wenger v. Canastota Cent. Sch. Dist.*, 146 F.3d 123, 125 n. 1 (2d Cir. 1998), *overruled on other grounds by Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516 (2007) .  As stated in the Report, "in the event that Ms. Rousso declines to join and advance this matter on behalf of the minor children, then the court intends to appoint Tommie Rice as next friend to prosecute this matter on the minor's behalf."  [Doc. No. 22, p. 10].  Accordingly, the Court *sua sponte* appoints Mr.Rice as next friend to prosecute this matter on behalf of the Minors.

## IV.    CONCLUSION

For the reasons stated above, Cornerstone's "Motion to Alter the Court's Ruling and Order (Docs. Nos. 40 & 41) Denying Defendant's Motion for Summary Judgment" [Doc. No. 43] is DENIED.  Cornerstone's "Motion to Alter the Court's Order (Doc. No. 42) Appointing Tommie Rice as Next Friend," [Doc. No. 44] is hereby GRANTED, and the Court's October 15, 2013 Order [Doc. No. 42] is VACATED.  Furthermore, the Court *sua sponte* appoints Tommie Rice as next friend to prosecute this matter on behalf of the Minors, CR and GMR.

Monroe, Louisiana, this 26nd day of November, 2013.

**ROBERT G. JAMES**
**UNITED STATES DISTRICT JUDGE**