# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | | |
|---|---|---|
| TOMMIE RICE AND PHYLLIS RICE ON BEHALF OF THE MINORS, CIR AND GMR | * | CIVIL ACTION NO.  13-0362 |
| VERSUS | * | JUDGE ROBERT G. JAMES |
| CORNERSTONE HOSPITAL OF WEST MONROE | * | MAG. JUDGE KAREN L. HAYES |

## MEMORANDUM ORDER

Before the court is a motion to prohibit plaintiff from identifying or calling expert witnesses [doc. # 73] filed by defendant, Cornerstone Hospital of West Monroe, L.L.C. ("Cornerstone").  For reasons stated below, the motion is GRANTED IN PART and DENIED IN PART.[1]

## Background

On May 6, 2012, Joshua Rice passed away at the Nebraska Medical Center as a result of respiratory failure, pneumonia, systemic sepsis, and bacterial endocarditis.  (Petition, ¶ 14).  On January 28, 2013, Joshua Rice's surviving parents, Tommie Rice and Phyllis Rice, filed the instant wrongful death and survival action on behalf of their decedent's two minor children, CIR and GMR, against Cornerstone in the 4th Judicial District Court for the Parish of Ouachita, State of Louisiana.  *See* Petition.  They alleged that Joshua Rice's untimely death was caused by

---

[1] As this matter is not excepted within 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this order is issued under the authority thereof, and in accordance with, the standing order of this Court.  Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

Cornerstone's negligence. *Id.*, ¶ 22. Specifically, Joshua Rice was unable to undergo a small bowel transplant because of bilateral hip fractures that he suffered during a botched cart-to-bed sheet transfer at Cornerstone some time in late December 2011 or early January 2012. *Id.*, ¶¶ 8-14.

On February 20, 2013, Cornerstone removed this matter to federal court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. (Notice of Removal). The court subsequently appointed Tommie Rice as next friend to prosecute the matter on behalf of the two minors. (Nov. 26, 2013, Order [doc. # 46]).

On August 4, 2015, Cornerstone filed the instant motion to prohibit plaintiff from identifying or calling expert witnesses because of his purported failure to meet certain deadlines in the court's scheduling order. On August 18, 2015, plaintiff filed his opposition to the motion. [doc. # 86]. Cornerstone filed its reply on August 20, 2015. [doc. # 87]. Thus, the matter is ripe.

## Law

Rule 26 of the Federal Rules of Civil Procedure provides, in relevant part:

**(A)** *In General*. In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705.

**(B)** *Witnesses Who Must Provide a Written Report*. Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report-- prepared and signed by the witness--if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony . . .

**(C)** *Witnesses Who Do Not Provide a Written Report*. Unless otherwise stipulated or ordered by the court, if the witness is not required to provide a written report, this disclosure must state:

>> **(I)** the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and
>>
>> **(ii)** a summary of the facts and opinions to which the witness is expected to testify.
>
> **(D)** *Time to Disclose Expert Testimony*. A party must make these disclosures at the times and in the sequence that the court orders. Absent a stipulation or a court order, the disclosures must be made:
>
>> **(I)** at least 90 days before the date set for trial or for the case to be ready for trial; or
>>
>> **(ii)** if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), within 30 days after the other party's disclosure.
>
> **(E)** *Supplementing the Disclosure*. The parties must supplement these disclosures when required under Rule 26(e).

Fed. R. Civ. P. 26(a)(2) (in pertinent part).

In addition,

> [i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
>
> **(A)** may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
>
> **(B)** may inform the jury of the party's failure; and
>
> **(C)** may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(I)-(vi).

Fed. R. Civ. P. 37(c)(1).

A court is required to issue a scheduling order that may modify the timing of disclosures

under Rules 26(a) and 26(e)(1).  Fed.R.Civ.P. 16(b)(1) & (3).  In this case, the court issued a

scheduling order that contained the following pertinent dates,

| | | | |
|---|---|---|---|
| 1) | Jury Trial | | January 11, 2016 |
| 2) | Witness List(s) | | Passed |
| 3) | Identify Experts to Opposing Parties | | July 17, 2015 |
| 4) | Plaintiff's Expert Report Deadline | | July 28, 2015 |
| 5) | Defendants' Expert Report Deadline | | August 27, 2015 |

(May 11, 2015, Sched. Order [doc. # 61]).

The order further explained that "[t]reating health care providers are not considered experts under the Federal Rules of Civil Procedure and not subject to the provisions for experts in this Scheduling Order.  However, the Court requires that reports of treating health care providers be furnished to opposing counsel immediately upon receipt." *Id.*

**<u>Discussion</u>**

In its motion, Cornerstone remarked that plaintiff had identified and delivered the report of but one expert:  economist, Robert C. Eisenstadt, Ph.D.  In the absence of a report from any other expert, Cornerstone seeks an order prohibiting plaintiff from identifying and calling at trial any expert witness other than Robert Eisenstadt.  Cornerstone also seeks an unspecified extension of time for it to provide plaintiff with its own expert reports, given the prejudice that it suffered as a result of plaintiff's failure to identify other experts and to furnish defendant with their reports.

In response to the motion, plaintiff noted that he had identified as possible witnesses four of the decedent's treating physicians:  Donna Donald, M.D.; Matthew Mormino, M.D.; Richard Stemm, M.D., and David Mercer, M.D.  Moreover, as treating physician witnesses, they are not

4

considered experts under the Rules or the court's scheduling order.  *See* Sched. Order.  In fact, the parties deposed the physicians in May 2015 via video deposition, with Dr. Donald deposed upon written interrogatories.  *See* Pl. MSJ, Exhs. 13, 27, 28, & 29 [doc. # 90].  In addition, plaintiff submitted the physicians' depositions in support of his motion for summary judgment on the issues of liability and causation.  *Id*.

The Advisory Committee Notes for Rule 26 recognize that "[a] treating physician . . . can be deposed or called to testify at trial without any requirement for a written report.  By local rule, order, or written stipulation, the requirement of a written report may be waived for particular experts or imposed upon additional persons who will provide opinions under Rule 702." Fed.R.Civ.P. 26 (1993 Advisory Committee Notes).  Here, the court excused treating health care providers from the scheduling order's provisions for experts.  *See* Sched. Order.  Although the court requires that reports of treating health care providers be furnished to opposing counsel immediately upon receipt, there is no indication that plaintiff's counsel has received a report, but failed to forward same to defense counsel.  In most cases, treating physicians will not prepare a report at all.

Cornerstone maintains that when a treating physician's opinion goes outside ordinary care of the patient to such issues as causation, then an expert report is required.  *Tolliver v. U Haul Co. of Texas*, Civ. Action 09-0313, 2011 WL 3626328, at *3 (W.D. La. Aug. 17, 2011) (citing *Zarecki v. National R.R. Passenger Corp.*, 914 F.Supp. 1566, 1573 (N.D. Ill.1996)).  However, other courts have permitted causation testimony without a prior expert's report, on the grounds that

[i]t is within the normal range of duties for a health care provider to develop

5

> opinions regarding causation and prognosis during the ordinary course of an
> examination. To assume otherwise is a limiting perspective, which narrows the
> role of a treating physician. Instead, to properly treat and diagnose a patient, the
> doctor needs to understand the cause of a patient's injuries.

*Fielden v. CSX Transp., Inc.*, 482 F.3d 866, 870 (6th Cir. 2007), as amended on denial of reh'g
and reh'g en banc (July 2, 2007) (citations omitted).

Moreover, Cornerstone does not identify any particular statements from the treating physicians'

depositions that strayed outside "issues pertaining to treatment, based on what he or she learned

through actual treatment and from the plaintiff's records up to and including that treatment." *See*

*Fielden, supra*.

In any event, the purpose of Rule 26(a) is to ensure procedural fairness and to permit both

sides to prepare their cases without surprise becoming a tactic. *Id*. Here, the treating physicians'

depositions apparently were designated as trial depositions (albeit, purportedly without proper

notice), and taken in May 2015 – well before any applicable deadline. Therefore, Cornerstone

knew at that time precisely what testimony plaintiff intended to elicit from these witnesses. As a

result, Cornerstone did not suffer material prejudice, and any disclosure/reporting transgression

was harmless. Fed. R. Civ. P. 37(c)(1).

Nonetheless, Cornerstone *did* suffer prejudice to the extent that plaintiff did not properly

notice the treating physicians' depositions as trial depositions. Accordingly, the court agrees that

unless Drs. Mormino, Stemm, and Mercer intend to appear live at trial, Cornerstone should have

the opportunity to re-take their depositions for trial purposes.[2] Furthermore, if plaintiff intends to

elicit testimony from any of the four treating physicians on an issue not currently addressed in

their respective depositions and which arguably exceeds the scope of their treatment, then

_____

[2] Dr. Donald resides in West Monroe, Louisiana. However, she did not render any
testimony beyond the scope of her treatment.

plaintiff must provide timely notice to defendant, i.e. within the next 7 days from the date of this order.

__Conclusion__

For the above-assigned reasons,

IT IS ORDERED that Cornerstone's motion to prohibit plaintiff from identifying or calling expert witnesses [doc. # 73] is GRANTED IN PART, to the following extent,

IT IS ORDERED that plaintiff is prohibited from eliciting testimony from Drs. Donald, Mormino, Stemm, and Mercer on issues beyond those presently covered in their depositions without first disclosing the nature and substance of the topic(s) to defendant within the next 7 days from the date of this order.

IT IS FURTHER ORDERED that Cornerstone's expert report deadline is extended until September 15, 2015.

IT IS FURTHER ORDERED that Cornerstone's motion [doc. # 73] otherwise is DENIED.

In Chambers, at Monroe, Louisiana, this 25th day of August 2015.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE