UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| TOMMIE RICE AND PHYLLIS RICE ON BEHALF OF THE MINORS, CIR AND GMR | * | CIVIL ACTION NO.  13-0362 |
| VERSUS | * | JUDGE ROBERT G. JAMES |
| CORNERSTONE HOSPITAL OF WEST MONROE | * | MAG. JUDGE KAREN L. HAYES |

REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion to dismiss pursuant to Rule 41(b) of the Federal Rules of Civil Procedure [doc. # 92] filed by defendant, Cornerstone Hospital of West Monroe, L.L.C. ("Cornerstone").  For reasons set forth below, it is recommended that the motion be DENIED.

Background

On November 13, 2013, Cornerstone served the minors, CIR and GMR (through their Next Friend Tommie Rice) with Interrogatories and Requests for Production.  (M/Compel, Exhs. 14-15).  Despite several reminders from defense counsel, plaintiff(s) failed to respond to the discovery.  *Id*., Exh. 18.  Accordingly, on July 22, 2015, Cornerstone filed a motion to compel, to which plaintiff failed to respond or oppose.  (M/Compel [doc. # 70]; Notice of Motion Setting [doc. # 72]).  Accordingly, the court granted the motion and ordered plaintiff Tommie Rice, as Next Friend of CIR and GMR, to respond fully and completely to defendant's interrogatories and requests for production, within seven (7) days from the date of the August 17, 2015, order.  [doc. # 84].

Plaintiff did not heed the court order, thus prompting Cornerstone to file the instant motion to dismiss under Rule 41(b) on September 2, 2015.  Plaintiff, however, *did* file a response to the motion to dismiss, in which he, for the first time, detailed counsel's unsuccessful efforts to obtain discovery responses from CIR and GMR's mother, Candice Rousso.  Plaintiff further noted that Cornerstone had issued a subpoena setting Ms. Rousso's deposition for August 27, 2015, which it later canceled on the same day that Ms. Rousso executed an affidavit favorable to Cornerstone.  (Pl. Opp. Memo., Exhs. 54-55; Def. Opp. Memo., Exh. 53 [doc. # 99]).

In its reply brief, Cornerstone noted that the discovery requests were propounded to Tommie Rice, not Candice Rousso. (Reply Memo. [doc. # 109]).  It also provided a time line of plaintiff's discovery avoidance, and emphasized his disregard of the court order.  *Id*.

## Discussion

Rule 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed.R.Civ.P. 41(b) (in pertinent part).  A court is authorized to dismiss the complaint when a party refuses to abide by a valid discovery order.  *Batson v. Neal Spelce Associates, Inc.*, 765 F.2d 511, 514 (5th Cir. 1985) (citations omitted).  In deciding whether dismissal is warranted, the courts are guided by a number of considerations:

> [f]irst, dismissal is authorized only when the failure to comply with the court's order results from wilfulness or bad faith, and not from the inability to comply. Next, dismissal is proper only in situations where the deterrent value of Rule 37 cannot be substantially achieved by the use of less drastic sanctions.  Another consideration is whether the other party's preparation for trial was substantially prejudiced. Finally, dismissal may be inappropriate when neglect is plainly attributable to an attorney rather than a blameless client, or when a party's simple negligence is grounded in confusion or sincere misunderstanding of the court's orders.

*Batson, supra* (internal citations omitted).

Therefore, while authorized by the rules, dismissal with prejudice remains a "draconian" remedy, or a "remedy of last resort," that only may be applied in extreme circumstances. *Id*. (citations omitted).

Rule 41 also supports dismissal with prejudice only when "(1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992) (citation omitted).[1] In addition, the Fifth Circuit generally requires the presence of at least one of three aggravating factors: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Millan, supra*.

Applying the foregoing considerations here, the record, at minimum, does not establish that a lesser sanction under Rule 37 would prove futile, or relatedly, that defendant suffered actual prejudice. The court notes that pursuant to Rule 37:

> [i]f a party or a party's officer, director, or managing agent . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:

---

[1] Contumacious conduct is defined as "[a] willful disobedience of a court order." BLACK'S LAW DICTIONARY (9th ed. 2009). Also, the "delay which warrants dismissal with prejudice must be longer than just a few months; instead, the delay must be characterized by 'significant periods of total inactivity.'" *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 326-27 (5th Cir. 2008) (quoting *McNeal v. Papasan*, 842 F.2d 787, 791 (5th Cir. 1988)); *see also Rogers v. Kroger Co.*, 669 F.2d 317, 321 (5th Cir. 1982) (citing as an example a case that was dormant for seven years and noting that the "decisions of this court affirming Rule 41(b) dismissals with prejudice involve egregious and sometimes outrageous delays.").

>   **(i)** directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
>   **(ii)** prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence . . .

Fed.R.Civ.P. 37(b)(2)(A)(i)-(ii).

Furthermore, review of the underlying interrogatories and requests for production that precipitated the instant impasse reveal that they substantially overlap Cornerstone's requests for admission which already have been deemed admitted by plaintiff's failure to respond to them. *See* Exhs. to Def. M/s Compel and Deem Reqs. Admitted [doc. #s 70-71] and Aug. 17, 2015, Order [doc. # 85]. In other words, Cornerstone has not suffered material prejudice. Moreover, because plaintiff already has suffered the admission of facts against him, the court is not persuaded that the additional and ultimate sanction of dismissal is warranted.[2]

## Conclusion

For the above-assigned reasons,

IT IS RECOMMENDED that Cornerstone's motion to dismiss [doc. # 92] be DENIED.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at

---

[2] Albeit, the court cautions that the better practice going forward would be for plaintiff's counsel not to ignore a court order, and instead detail his inability to respond to the discovery requests at a much earlier point in time.

the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 3rd day of November, 2015.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE