UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **TOMMIE RICE, ON BEHALF OF THE MINORS, CIR AND GMR** | **CIVIL ACTION NO. 13-0362** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **CORNERSTONE HOSPITAL OF WEST MONROE** | **MAG. JUDGE KAREN L. HAYES** |

# RULING

Pending before the Court is Plaintiff Tommie Rice's ("Rice") Motion for Reconsideration, Vacation, Alteration and/or Amendment of Ruling and Judgment ("Motion for Reconsideration") [Doc. No. 128]. Defendant Cornerstone Hospital of West Monroe ("Cornerstone") filed a Memorandum in Opposition [Doc. No. 130]. Rice did not file a reply.

The Federal Rules of Civil Procedure do not recognize a motion for reconsideration *per se*. A motion for reconsideration is treated as a motion to alter or amend a judgment under Rule 59(e) if it is filed within twenty-eight days after the original judgment. *Steward v. City of New Orleans*, 537 Fed. App'x 552, 554 (5th Cir. 2013).

"A Rule 59(e) motion 'calls into question the correctness of a judgment.'" *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)). "[S]uch a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id.* at 479 (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). "Rather, Rule 59(e) 'serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.'" *Id.* (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)) (modification in original). "Reconsideration of a judgment after its entry is an extraordinary

remedy that should be used sparingly." *Id.* (citing *Clancy v. Employers Health Ins. Co.*, 101 F. Supp. 2d 463, 465 (E.D. La. 2000) (citing 11 CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE § 2810.1, at 124 (2d ed. 1995))).

In his Motion for Reconsideration, Rice contends that the Court committed manifest errors of law and/or fact. Rice raises three issues:

(1) the Court failed to recognize and give sufficient weight and credence to the evidence, including but not limited to the sworn testimony of Dr. Richard Mormino, Dr. Richard Stemm and Dr. David Mercer, regarding the fractures suffered by Joshua Rice while in the care of Cornerstone and the impact of those injuries on his mobility and ultimately his candidacy for the bowel transplant which could have saved his life;

(2) the Court failed to apply the doctrine of *res ipsa loquitur* and infer negligence on the part of Cornerstone; and

(3) the Court failed to afford Rice the presumption set forth in Housley v. Cerise, 579 So.2d 973 (La. 1991) in meeting his burden of proof on causation.

[Doc. No. 128-1, pp. 1-2].

As Cornerstone points out in its memorandum, the Court did consider the evidence presented and arguments made with regard to the first two issues Rice raises. The Court finds no manifest errors of law or fact and declines to alter or amend its judgment on these bases.

The Court issues this ruling only to address the third issue. In this regard, the Court did not specifically discuss the *Housley* presumption in its ruling on the cross-motions for summary judgment. The presumption recognized by the Louisiana Supreme Court may assist a plaintiff in establishing his burden of proof on causation:

> [a] claimant's disability is presumed to have resulted from an accident, if before the accident the injured person was in good health, but commencing with the accident the symptoms of the disabling condition appear and continuously manifest themselves afterwards, providing that the medical evidence shows there to be a reasonable possibility of causal connection between the accident and the disabling condition.

*Lukas v. Insurance Co. of N. America*, 342 So.2d 591, 596 (La. 1977). This language later formed the basis for the decision in *Housley v. Cerise*, 579 So.2d 973 (La. 1991) and thereafter became known as the *Hously* presumption.

Although not specifically discussing *Hously*, the Court did discuss Joshua Rice's condition prior to his fractures. In discussing the inapplicability of *res ipsa loquitur*, the Court stated:

> The Court cannot ignore the undisputed facts of the Decedent's medical conditions in assessing whether this injury is the type that does not occur in the absence of negligence. Certainly, fractures of the hip and shoulder do not occur without incident in otherwise healthy individuals. The Decedent was not a healthy individual. While Rice denies that Decedent had osteopenia, he does not deny that Decedent had the condition of osteomalacia, which is "a weakening of the bones in this case due to a combination of short bowel syndrome, multiple bowel fistulas, malabsorption, vitamin D deficiency, inactivity and renal failure." [Doc. No. 97-29, Expert Report of Dr. Randolph Taylor ("Taylor Report"), p. 1]. With such a condition, Cornerstone has presented expert testimony that "fractures could occur during the normal course of treatment or normal transfer with no negligence, or even the best medical care due to Mr. Rice's debilitation and osteomalacia." *Id.* at p. 2. Therefore, the Court cannot conclude as a matter of law that the Decedent's injury was the kind that does not occur in the absence of negligence.

The *Hously* presumption simply does not apply when the decedent was not in good health as was the case with Joshua Rice. Therefore, the Court did not commit a manifest error of law in failing to afford Rice the benefit of the *Hously* presumption.

Accordingly, for these reasons, Rice's Motion for Reconsideration [Doc. No. 128] is DENIED.

MONROE, LOUISIANA, this 1st day of April, 2016.

*/s/ Robert G. James*
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE